IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| WALLACE ROGERS | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 7:05-CV-25 (HL) |
| vs. | : | |
| | : | |
| LOWNDES COUNTY JAIL, | : | |
| LEIUTENANT VINSON, | : | |
| LIEUTENANT ELKINS, | : | **PROCEEDINGS UNDER 28 U.S.C. § 1983** |
| CORPORAL CLIFTON, | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

**O R D E R**

Plaintiff **WALLACE ROGERS** filed the above-styled complaint pursuant to 42 U.S.C. § 1983 seeking damages for false imprisonment and emotional suffering related thereto due to what plaintiff describes as being detained in jail subsequent to the expiration of his sentence. Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

Because plaintiff's complaint challenges the duration of his confinement it constitutes a habeas corpus petition. ***Preiser v. Rodriguez***, 411 U.S. 475, 489, 98 S. Ct. 1827, 1836, 36 L.Ed.2d 439 (1973). Plaintiff's sole remedy to challenge the duration of his confinement is to file a habeas corpus petition under 28 U.S.C. § 2254. This court, however, may not consider his petition until plaintiff has exhausted his available state remedies on each of his claims.

In addition, in a proper habeas corpus petition, the plaintiff must name as respondent the Warden where he is being confined, which plaintiff has failed to do.

If plaintiff wishes to pursue a challenge to the duration of his confinement and he has exhausted his state court remedies, he should complete the court's 28 U.S.C. § 2254 petition form and return it to the court. The Clerk of court is **DIRECTED** to send a copy of this form to plaintiff at his last known address. Should plaintiff complete and return the habeas forms, the petition will be assigned a new civil action number and will be considered by the court.

In light of the above, the undersigned **RECOMMENDS** that the within complaint be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of September, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

mh